USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/16/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STRIKE 3 HOLDINGS, LLC,

           Plaintiff,

-against-

JOHN DOE, *subscriber assigned IP address 67.80.7.73*,

           Defendant.

1:24-cv-9952-MKV

**ORDER GRANTING MOTION TO SERVE THIRD-PARTY SUBPOENA**

MARY KAY VYSKOCIL, United States District Judge:

    The Court has reviewed Plaintiff's Motion for Leave to Serve a Third-Party Subpoena on CSC Holdings LLC ("Optimum Online"). [ECF No. 7].[1] Plaintiff seeks to serve a subpoena to discover the name and address of an Optimum Online customer who allegedly downloaded and distributed Plaintiff's copyrighted works illegally. For the reasons set forth in Plaintiff's Memorandum of Law in Support of the Motion, [ECF No. 8], Plaintiff has established good cause to be permitted to serve a subpoena before the Rule 26(f) conference in this case. *See Arista Records LLC v. Doe*, 604 F.3d 110, 119 (2d Cir. 2010) (describing the "appropriate general standard" for expedited discovery). Accordingly, and for the following reasons, the Motion is GRANTED.

    Plaintiff has established "(1) [the] concrete[ness of the plaintiff's] showing of a prima facie claim of actionable harm, . . . (2) [the] specificity of the discovery request, . . . (3) the absence of alternative means to obtain the subpoenaed information, . . . (4) [the] need for the subpoenaed information to advance the claim, . . . and (5) the [objecting] party's expectation of privacy." *Id.*

---

[1] In support of its motion, Plaintiff filed Memorandum of Law, accompanied by an affidavit of Patrick Paige, proposed expert on computer forensics ("Paige Decl."), an affidavit of Jorge Arco, Enterprise Architect at General Media Systems, LLC, parent company of Plaintiff ("Arco Decl."), and an affidavit of Susan B. Stalzer, employee of Plaintiff ("Stalzer Decl."). [ECF No. 8].

(alterations in original) (quoting *Sony Music Entm't v. Does 1-40*, 326 F. Supp. 2d 556, 564–65 (S.D.N.Y. 2004)). Plaintiff's Complaint establishes a *prima facie* case of copyright infringement [ECF No. 1 ¶¶ 31–55, Ex. A]. The request for discovery is limited only to the discovery of the identity and address of a single person, and Optimum Online is the only entity who can link the IP address associated with the allegedly illegal downloads to a real-world person. Plaintiff's claims cannot proceed without the identity of the John Doe defendant in this case, and Defendant's privacy interest is outweighed by Plaintiff's ability to prosecute an alleged copyright violation. *See United States v. Ulbricht*, 858 F.3d 71, 97 (2d Cir. 2017).

Accordingly, IT IS HEREBY ORDERED that Plaintiff may serve Optimum Online with a Rule 45 subpoena seeking the name and address of Defendant, to whom Optimum Online assigned the IP address in the Complaint. Plaintiff must serve a copy of this Order on Optimum Online at the same time it serves the subpoena. To the extent Optimum Online is a "cable operator" pursuant to 47 U.S.C. § 522(5), it shall comply with 47 U.S.C. § 551(c)(2)(B).

IT IS FURTHER ORDERED that Plaintiff may only use the information disclosed as a result of the anticipated subpoena to prosecute its claims in this action.

The Clerk of Court is respectfully directed to terminate the motion pending at docket entry number 7.

**SO ORDERED.**

Date: **January 16, 2025**                  _____
New York, NY                                 **MARY KAY VYSKOCIL**
                                                      **United States District Judge**